UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JUSTIN PURVIS, and CORRIE PURVIS,

                          Plaintiffs,        Case No. 2:20-CV-00639

      v.                                      **ANSWER AND**
                                                   **AFFIRMATIVE DEFENSES**

GOLDEN BELL ENTERTAINMENT, LLC, a California limited liability company, GOLDEN BELL STUDIOS, LLC, a Nevada limited liability company, and MARC GOLDNER,

                          Defendants.
-------------------------------------------------------------------X

      Defendants Golden Bell Entertainment, LLC ("GB Entertainment"), Golden Bell Studios LLC ("GB Studious"), and Marc Goldner (individually "Goldner", collectively, with GB Entertainment and GB Studios, "Defendants"), through their attorneys Moritt Hock & Hamroff LLP, as and for their Answer and Affirmative Defenses to the complaint (the "Complaint") filed by Plaintiffs Justin Purvis and Corrie Purvis ("Plaintiffs"), state as follows:

## NATURE OF THE ACTION

      1.     Defendants deny the allegations contained in Paragraph 1 of the Complaint.

      2.     Defendants deny the allegations contained in Paragraph 2 of the Complaint, except admit the existence of certain contracts entered into between Plaintiffs and GB Entertainment.

      3.     Defendants deny the allegations contained in Paragraph 3 of the Complaint.

      4.     Defendants deny the allegations contained in Paragraph 4 of the Complaint.

      5.     Defendants deny the allegations contained in Paragraph 5 of the Complaint.

      6.     Defendants deny the allegations contained in Paragraph 6 of the Complaint.

## THE PARTIES

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore deny them.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore deny them.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit to the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit to the allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 20 of the Complaint.

## JURISDICITON AND VENUE

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

## FACTUAL BACKGROUND

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and therefore deny them.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore deny them.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore deny them.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore deny them.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and therefore deny them.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore deny them.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore deny them.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore deny them.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and therefore deny them.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and therefore deny them.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore deny them.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and therefore deny them.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and therefore deny them.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and therefore deny them.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and therefore deny them.

42. Defendants admit the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants admit the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants admit the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and therefore deny them.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants admit the allegations contained in Paragraph 57 of the Complaint.

58. Defendants admit the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants admit that Plaintiffs signed an Addendum to the September 14, 2016 Agreement and deny all other allegations contained in Paragraph 60 of the Complaint.

61. Defendants admit the allegations contained in Paragraph 61 of the Complaint.

62. Defendants admit the allegations contained in Paragraph 62 of the Complaint.

63. Defendants admit the allegations contained in Paragraph 63 of the Complaint.

64. Defendants admit the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint, and respectfully refer this Court to the relevant contracts referenced by Plaintiffs in Paragraph 65 of the Complaint for their full terms and import.

66. Defendants deny to the allegations contained in Paragraph 66 of the Complaint, and respectfully refer this Court to the relevant contracts referenced by Plaintiffs in Paragraph 65 of the Complaint for their full terms and import.

67. Defendants admit to the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny that the February 22, 2017 Agreement is an employment contract and admit the remaining allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny that the February 22, 2017 Agreement is an employment contract and admit the remaining allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny they had any obligations to inform Plaintiff Justin Purvis of any rights or post any notices, and on that basis deny all allegations contained in Paragraph 85 of the Complaint.

## AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION

86. Defendants incorporate by reference herein and reallege their responses to Paragraphs 1 through 85 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105. Defendants deny GB Entertainment has breached The Contracts, as referenced by Plaintiffs in Paragraph 105 of the Complaint, and on that basis deny that Plaintiffs' have alleged grounds for demanding the relief requested in Paragraph 105 of the Complaint.

## AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION

106. Defendants incorporate by reference herein and reallege their responses to Paragraphs 1 through 105 of the Complaint.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in Paragraph 109 of the Complaint.

## AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION

110. Defendants incorporate by reference herein and reallege their responses to Paragraphs 1 through 109 of the Complaint.

111. Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112. Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113. Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114. Defendants admit the allegations contained in Paragraph 114 of the Complaint.

115. Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116. Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117. Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118. Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119. Defendants deny that the February 22, 2017 Agreement is an employment contract and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 119 of the Complaint and therefore deny them.

120. Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121. Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122. Paragraph 122 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123. Defendants deny that the February 22, 2017 Agreement is an employment contract and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 123 of the Complaint and therefore deny them.

124. Defendants deny the allegations contained in Paragraph 124 of the Complaint

125. Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127. Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128. Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129. Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130. Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131. Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132. Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133. Defendants deny the allegations contained in Paragraphs 133 of the Complaint.

## AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION

134. Defendants incorporate by reference herein and reallege their responses to Paragraphs 1 through 133 of the Complaint.

135. Paragraph 135 of the Complaint purports to set forth a new definition for the term "defendants" to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained therein.

136. Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint and therefore deny them.

138. Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139. Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140. Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141. Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142. Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143. Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144. Defendants deny the allegations contained in Paragraph 144 of the Complaint.

145. Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146. Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147. Defendants deny the allegations contained in Paragraph 147 of the Complaint, except admit that Goldner had a meeting with Plaintiffs in Plaintiffs' home.

148. Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149. Defendants deny the allegations contained in Paragraph 149 of the Complaint, and this denial applies with equal force as to whether Plaintiffs mean Goldner, GB Entertainment or both with their use of the term "defendants", as purportedly defined in Paragraph 135 of the Complaint.

150. Defendants deny the allegations contained in Paragraph 150 of the Complaint.

151. Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152. Defendants deny the allegations contained in Paragraph 152 of the Complaint, and this denial applies with equal force as to whether Plaintiffs mean Goldner, GB Entertainment or

both with their use of the term "defendants", as purportedly defined in Paragraph 135 of the Complaint.

153. Defendants deny the allegations contained in Paragraph 153 of the Complaint, and this denial applies with equal force as to whether Plaintiffs mean Goldner, GB Entertainment or both with their use of the term "defendants", as purportedly defined in Paragraph 135 of the Complaint.

154. Defendants deny the allegations contained in Paragraph 154 of the Complaint.

155. Defendants deny the allegations contained in Paragraph 155 of the Complaint.

156. Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157. Defendants deny the allegations contained in Paragraph 157 of the Complaint and on that basis deny that Plaintiffs have alleged grounds for the relief demanded therein, and this denial applies with equal force as to whether Plaintiffs mean Goldner, GB Entertainment or both with their use of the term "defendants", as purportedly defined in Paragraph 135 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses and reserve the right to assert additional affirmative defenses, as warranted by facts learned through investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE

158. The Complaint fails to state a claim upon which relief can be granted against GB Entertainment.

159. The Complaint fails to state a claim upon which relief can be granted against GB Studios.

160. The Complaint fails to state a claim upon which relief can be granted against Goldner.

## SECOND AFFIRMATIVE DEFENSE

161. All acts undertaken by Marc Goldner with regard to the subject matter of the Complaint were solely in his capacity as an officer, member and/or employee of Golden Bell Entertainment, LLC.

## THIRD AFFIRMATIVE DEFENSE

162. The claims in the Complaint alleged against Defendants should be dismissed, in whole or in part, because of Plaintiffs' unclean hands and the culpable and/or fraudulent conduct of Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

163. The Complaint's First Cause of Action for Breach of Contract alleged against Defendants should be dismissed because Plaintiffs materially breached "The Contracts", as defined by Plaintiffs in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

164. The claims in the Complaint alleged against Defendants should be dismissed, in whole or in part, based on waiver and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

165. The claims in the Complaint alleged against Defendants should be dismissed, in whole or in part, because Defendants acted in a commercially reasonable manner.

## SEVENTH AFFIRMATIVE DEFENSE

166. The Complaint's Fourth Cause of Action fails to plead fraud with the requisite particularity.

### EIGHTH AFFIRMATIVE DEFENSE

167. Defendants, individually and collectively, did not neglect, fail to perform, or otherwise violate their duties as set forth in "The Contracts", as defined by Plaintiffs in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

168. The Complaint's Third Cause of Action alleged against Defendants for violations of the FLSA should be dismissed because Plaintiff Justin Purvis is not, nor ever has been, an employee of any of the Defendants within the meaning of 29 U.S.C. § 203.

### TENTH AFFIRMATIVE DEFENSE

169. Any damages allegedly suffered by Plaintiffs were not caused, either directly or indirectly, by the acts or omissions of Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

170. Plaintiffs are barred from relief due to their failure to mitigate their damages, if any.

**WHEREFORE**, Defendants deny each and every allegation of Plaintiffs' Complaint, except as expressly admitted or qualified above. Plaintiffs' Complaint should be dismissed with prejudice and Plaintiff(s) should be required to pay the costs of this lawsuit, as well as attorneys' fees, incurred by Defendants in defending against Plaintiffs' claims and such other relief as the Court may deem just and proper.

Dated: New York, New York
April 21, 2020

**MORITT HOCK & HAMROFF LLP**
Attorneys for Defendants


By: /s/ *Robert S. Cohen*
　　　Robert S. Cohen
　　　Michael J. Schwab
　　　Alex D. Corey
1407 Broadway, 39th Floor
New York, New York 10018
(212) 239-2000

2231233v1