UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| JUSTIN PURVIS and CORRIE PURVIS, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:20-cv-00639 GRB-SIL |
| | ) | |
| v. | ) | |
| | ) | |
| GOLDEN BELL ENTERTAINMENT, LLC, | ) | |
| GOLDEN BELL STUDIOUS, LLC, and | ) | |
| MARC GOLDNER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STIPULATION AND PROPOSED ORDER FOR THE PROTECTION AND EXCHANGE
OF CONFIDENTIAL INFORMATION**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY STIPULATED AND AGREED that certain documents and information in
this case shall be given confidential treatment as hereinafter provided.

1.      Scope, Applicability and Definitions.

1(a) Definitions. "Confidential" shall mean: information or items, regardless of how
generated, stored or maintained, that qualify for protection under standards developed under Fed. R.
Civ. P. 26(c), including proprietary or commercially-sensitive business.

"Highly Confidential – Attorneys Eyes' Only" shall mean and include any and all highly
sensitive commercial information that has a significant competitive value as determined in good
faith by the Producing Party including trade secrets and financial information.  All "Highly
Confidential – Attorneys' Eyes Only" information shall also be considered Confidential.  All
documents or testimony containing Confidential or Highly Confidential – Attorneys' Eyes Only
shall be marked with the designations "Confidential" or "Highly Confidential – Attorneys Eyes
Only" (hereinafter collectively "Protected Material").

1(b) Protections. The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material, other than during a court hearing or at trial.

Protected Material shall not be used by anyone other than the party producing such Protected Material except in the preparation for, trial of, and conduct of the proceedings in this litigation or as otherwise agreed to in writing by the parties.

2.    Deposition Testimony.  Any deposition testimony that discusses Protected Material must be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" within 30 days of the receipt of the final deposition transcript.  Until such time has passed, a party may designate the entire deposition "Highly Confidential – Attorneys Eyes Only" in order to preserve the confidential status of any confidential information disclosed or discussed in the course of the deposition.  Transcripts that contain Protected Material must be labeled "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as appropriate, in a way reasonably designed to notify users that portions of the transcript are governed by this Order.  If such a transcript is not labeled by the court reporter, any party who maintains a copy of the transcript is responsible for complying with this labeling requirement.

3.    Disclosure.  Except with the prior written consent of the party producing the Protected Material, or upon order of this Court after notice to all affected parties, materials designated "Confidential" or  "Highly Confidential – Attorneys' Eyes Only," may not be disclosed to any person except: (a) counsel of record for the respective parties to this litigation, and their employees; (b) employees of third party vendors engaged by counsel to provide court reporting or litigation support services; (c) consultants, experts, or prospective experts retained or consulted by

counsel for this litigation; (d) non-party deposition and trial witnesses if, from the face of the

Protected Material, it appears that they previously received the particular Protected Material in

question prior to the commencement of this action; and (e) the Court and its officers (including

court reporters), provided that, if a party wishes to file Protected Material with the Court, it shall

first make a motion seeking approval by the Court to file such Protective Material under seal,

and/or shall otherwise provide such Protected Material separately to all parties and the Court, such

that it is not publicly available.

Material designated "Confidential," but not "Highly Confidential – Attorneys Eyes Only,"

may also be disclosed to the respective parties themselves, and any current employees of the parties

who are involved in the prosecution, defense, and/or appeal of this action.

Except upon further order of the Court, no person receiving Protected Material shall disclose

any portion of the contents thereof to any person other than those described in this paragraph.

4.     Written Acknowledgments.  Each person referred to in sub-paragraph 3(c) above to

whom Protected Material is to be given, shown, made available, or communicated in any way shall

agree in writing to be bound by the terms of this Stipulation and Order by executing the form of

agreement attached hereto as Exhibit "A" before that person is exposed to said Protected Material.

The attorneys for the parties shall maintain a file of such written agreements.

5.     Reserved Arguments.  This Stipulation and Order and parties' submissions relating

thereto shall not operate as an admission or determination that any documents or information is or is

not: (a) discoverable; or (b) admissible as evidence.  Nothing in this Stipulation and Order shall

preclude any Party from filing a motion seeking further or different protection from the Court, or

from filing a motion with respect to the manner in which Protected Material shall be treated at trial.

To the extent that any party wants to maintain a "Confidential" or "Highly Confidential –

Attorneys' Eyes Only" designation of Protected Material at trial, a separate application to the court must be made.

By entering into this Stipulated Protective Order, no party waives its right to argue that information or documents which have been designated as Protected Material: (i) were already in the public domain or became publicly available through no breach of this Order by the receiving party; (ii) were rightfully and lawfully in receiving party's possession without obligation of confidence prior to receipt of the Protected Material; (iii) are required to be disclosed by receiving party to comply with a judicial order or decree, provided however, that the receiving party gives prior written notice of such disclosure to the other party and takes reasonable and lawful actions to avoid and/or minimize the extent of such disclosure; or (iv) were disclosed with the duly authorized prior written consent of the other party.

6.      <u>Objections to Designations</u>.  If at any time a party objects to the designations or documents or information as "Protected Material" under this Stipulation and Order, the objecting party shall notify the designating party in writing.  The notice shall identify the documents or information in question,and shall specify the reason for the objection to the designation.  The parties shall conduct a meet and confer to attempt to resolve any such objection informally.  If no resolution is achieved, the objecting party may move the Court for a ruling on the confidentiality of the documents or information in question within seven (7) days of the meet and confer.  The party seeking to justify the use of the "Confidential" designation bears the burden of proof on any such motion.

7.      <u>Inadvertent Production of Confidential or Privileged Documents and Information</u>. Pursuant to and in supplementation to Civil Practice Law and Rules and the ethical rules and directives governing attorneys of the State of New York, the parties agree that the inadvertent production of documents or information subject to the attorney-client privilege, work-product

immunity, or any other applicable privilege or immunity shall not constitute a waiver of such

privilege(s).  After receiving notice from the designating party that documents or information

subject to an applicable privilege or immunity have been inadvertently produced, the receiving

party shall not review, copy, or disseminate such documents or information, but shall return such

documents or information and all copies of such documents or information to the designating party,

or destroy such documents or information, immediately.  If the receiving party believes that it has a

good-faith basis for challenging the privilege claim, the parties shall meet and confer in an effort to

resolve the dispute.  If the parties cannot resolve their dispute over the inadvertently produced

documents or information, the designating party has three (3) business days to identify the

inadvertently produced documents on a privilege log and the receiving party has fifteen (15)

business days from that date to file a motion with the Court seeking to compel production of the

inadvertently produced documents.  If, through inadvertence, a producing party discloses any

document or information that it believes should have been designated as "Confidential" or "Highly

Confidential – Attorneys Eyes Only", it may subsequently, within a reasonable period after the

discovery of such inadvertence, designate such document or information as "Confidential" or

"Highly Confidential – Attorneys Eyes Only."  After such designation is made, all receiving parties

shall treat the Protected Materials accordingly.  If any Protected Materials have been disclosed to a

third party by the receiving party prior to the designation, the receiving party shall notify the

producing party and shall also make a good faith effort to have the Protected Materials returned by

the third party.

8.     <u>Conclusion of Litigation: Procedure and Effect</u>.  At the conclusion of the above-

entitled action, including any appeals or potential appeals, all originals or reproductions of any

Protected Material furnished pursuant to this Stipulation and Order (with the exception of

deposition transcripts, deposition exhibits or documents filed with the Court) shall be either (at the

election of the receiving party) (i) returned to the producing party or (ii) destroyed; with such

elected action to be completed within seventy-five (75) days after  the ability to file a notice of and

perfect an appeal has been exhausted or after a decision has been rendered by the highest appellate

court which has jurisdiction over this case.  The provisions of this Stipulation and Order, insofar as

they restrict the communication and use of Protected Material produced hereunder shall, without

written permission of the parties or further order of the Court, continue to be binding after

conclusion of this action.

9.      <u>Modification</u>.  This Stipulated Protective Order is without prejudice to the right of

any party to apply to the Court for an order permitting the disclosure of any confidential document

or to apply for an order modifying or limiting this Stipulated Protective Order in any respect.

10.     <u>Challenging Confidentiality Designations</u>

10.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of

confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the

original designation is disclosed.

10.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process

by providing written notice of each designation it is challenging and describing the basis for each

challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

recite that the challenge to confidentiality is being made in accordance with this specific paragraph

of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

begin the process by conferring directly (in voice to voice dialogue; other forms of communication

are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

   10.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in

question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

11.     The parties intend to be and  shall be bound by the terms set forth in this Stipulation as of the date set forth below, regardless of when the Court so orders this Stipulation.

August 17, 2020                                    August __, 2020

GALLET DREYER & BERKEY, LLP          MORITT HOCK & HAMROFF, LLP


By:   /s/ Francelina M. Perdomo          By:   /s/ Alex D. Corey
      Francelina M. Perdomo                    Michael F. Sarney
      Antoaneta Tarpanova                      Michael J. Schwab
                                               Alex D. Corey


      845 Third Avenue                          1407 Broadway, Suite 39
      New York, NY 10022                        New York, New York 10018
      (917) 880-0811                            (212) 239-2000

      *Attorneys for Plaintiffs*                *Attorneys for Defendants Golden*
      *Justin Purvis and Corrie Purvis*         *Entertainment, LLC, Golden Bell*
                                                *Studios, LLC, and Marc Goldner*


Dated: Central Islip, New York                  SO ORDERED
       August 17, 2020


                                                _____
                                                *Hon. Gary R. Brown, U.S. D.C.J.*

8

EXHIBIT A

STATE OF _____)
                                         )ss:
COUNTY OF _____)


        I, _____, do hereby certify that I have read that certain

Stipulation and Order for the Protection and Exchange of Confidential Information dated

_____, executed by the parties in that certain litigation, entitled

"*Justin Purvis et al. v. Golden Bell Entertainment, LLC et al.*", Civil Action Number 2:20-CV-

000639 (GRB) (SIL),  now pending before the United States District Court for the Eastern

District of New York, because it is necessary for me in the performance of my duties to have

access to material designated "Confidential" or "Highly Confidential – Attorneys Eyes Only" that

is the subject of said Stipulation and Order.  I understand that I am bound by and subject to the

terms and provisions of said Stipulation and Order.  I subject myself to the jurisdiction of the

United States District Court for the Eastern District of New York for purposes of enforcement of

this Stipulation and Order

        Witness my signature, this ___ day of _____, _____.


                                                        _____


                                        Address:_____

Sworn to before me
this ___ day of _____ 2020.


_____
Notary Public


2308172v1

9